UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

DAVID LEE THOMAS,

*Defendant*.

Criminal No. 17-194 (RDM)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the government's motion for exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161. *See* Dkt. 9. For the reasons that follow, the Court will **GRANT** the motion.

On October 17, 2017, Defendant David Lee Thomas was charged by indictment with one count of interference with interstate commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951 and one count of using, carrying, and possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. 1. On October 20, Thomas was arrested, made an initial appearance, and was arraigned. *See* Dkt. 3; Minute Entry (Oct. 20, 2017). On October 25, upon the government's motion, the magistrate judge ordered that Thomas be held without bond pending trial. Minute Entry (Oct. 25, 2017); *see also* Dkt. 5.

At various status conferences over the next several months, the Court excluded time under the Speedy Trial Act from October 31, 2017 through May 8, 2018, finding that "the ends of justice served by" the requested continuances "outweigh[ed] the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *see* Minute Entry (Oct. 31, 2017); Minute Entry (Jan. 19, 2018); Minute Entry (Mar. 15, 2018); Minute Entry (Apr. 6,

2018); Minute Entry (Apr. 24, 2018); Minute Entry (May 7, 2018). During this period, Thomas requested and was granted the appointment of new counsel. *See* Minute Entry (Mar. 15, 2018).

On May 3, 2018, the grand jury returned a superseding indictment charging Thomas with twelve additional offenses: four additional counts of interference with interstate commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951; four additional counts of using, carrying, and possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); two counts of armed robbery in violation of D.C. Code §§ 22-2801, 22-4501; and two counts of possession of a firearm during a crime of violence or dangerous offense ("PFCOV") in violation of D.C. Code § 22-4504(b). *See* Dkt. 8. Thomas was arraigned on the new charges on May 7, 2018. The government now moves to exclude time from May 8, 2018 to June 29, 2018. Dkt. 9 at 56 n.2. Although Thomas has indicated that he would like to proceed to trial promptly, he has not filed an opposition to the government's motion, and, indeed, his counsel has acknowledged that this is a complicated case that will require substantial investigatory and preparatory effort.

The Speedy Trial Act provides that "the trial of a defendant . . . shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which ever date last occurs." 18 U.S.C. § 3161(c)(1). Certain periods of delay, however, are excluded for purposes of calculating time under the Act. As relevant here, the Act excludes

> [a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). To exclude time under the "ends of justice" exception, the Court must set forth "either orally or in writing" the basis for its conclusion that exclusion is warranted. *Id.* Among other factors, the Act instructs the Court to consider

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).

The government has moved to exclude time from May 8, 2018 (the date on which the government filed this motion) to June 29, 2018, a total of 53 days. Dkt. 9 at 5–6 n.2. According to the government, tolling is warranted because "[t]he volume and nature of the evidence in this case . . . makes it complex." *Id.* at 6. At the status conference held on May 7, 2018, the government notified the Court of its intention to file the present motion. Hrg. Tr. (Rough at 11:15). Counsel for Thomas indicated that she did not anticipate responding to the motion and that she "agree[d] that the case is complex." *Id.* (Rough at 11:41).

The government's motion and Thomas's counsel at the status conference presented several reasons why adequate trial preparation will require additional time. *First*, the number of charges in this case and the nature of those charges make this case complex. The fourteen charges in the superseding indictment stem from five alleged armed robberies of businesses and two alleged armed robberies of a person.

*Second*, the sheer quantity of evidence will require a significant amount of time to review. According to the government, the evidence includes:

> DNA data and evidence; extensive cellular telephone extraction and geo-location reports and data; five store surveillance videos; jail telephone calls and visits; hundreds of pages of documents, records, and photographs; 19 law enforcement body camera videos; and *Brady* information for four separate armed robberies that occurred in Maryland . . . .

3

Dkt. 9-1 at 1.

*Third*, both parties intend to retain experts.  The government "anticipates having DNA, firearm, fingerprint[,] and geo-location experts." *Id.* at 5.  Thomas's counsel notified the Court at the status conference that Thomas will need to retain a DNA expert and may need to retain additional experts.  Hrg. Tr. (Rough at 11:24–25); *see also* Dkt. 9 at 5.

*Fourth*, Thomas's counsel will need additional time to finish investigating certain aspects of the case.  For example, his counsel indicated that she will need to investigate the circumstances surrounding a videotaped statement that Thomas gave to law enforcement as well as information regarding four allegedly similar Maryland armed robberies.  Hrg. Tr. (Rough at 11:27, 11:40).

Due to the quantity and nature of the charges and evidence in this matter, this case is "complex" such that it would be "unreasonable to expect" the parties to adequately prepare for trial within the ordinary time limit imposed by the Speedy Trial Act.  18 U.S.C. § 3161(7)(b)(ii).  Accordingly, the Court concludes that excluding time from the date of this opinion to June 29, 2018 would serve the ends of justice and that these ends outweigh the best interest of the public and Thomas in a speedy trial.[1]  *See* 18 U.S.C. § 3161(7)(A).

One final matter merits brief discussion.  For the first two counts of the superseding indictment, which were included in the original indictment, the Speedy Trial clock began running on October 20, 2017, the date on which Thomas first appeared in this Court, *see* 18 U.S.C. § 3161(c)(1), and continued until October 31.  From October 31 through May 8, 2018,

---

[1]  Moreover, Thomas's current counsel is new to the case and requires "reasonable time . . . for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(1)(iv).

time was excluded under the "ends of justice" exception. On May 8, the government filed its motion to exclude time. Accordingly, from May 8 through the date of this opinion, time has been excluded under 18 U.S.C. § 3161(h)(1)(D), which excludes "delay resulting from any pretrial motion . . . from the filing of the motion" through the completion of briefing or a hearing, and under 18 U.S.C. § 3161(h)(1)(H), which excludes up to thirty days of delay attributable to the Court's consideration of "any proceeding concerning the defendant." *See also United States v. Rice*, 746 F.3d 1074, 1080 (D.C. Cir. 2014); *United States v. Hemphill*, 514 F.3d 1350, 1356–57 (D.C. Cir. 2008). In total, then, eleven days of nonexcludable time—from October 20, 2017 to October 31, 2017—have elapsed for purposes of the Speedy Trial Act with respect to the first two counts of the superseding indictment.[2] For the remaining twelve counts, time began to run on May 7, 2018, the date on which Thomas first appeared in connection with the new charges in the superseding indictment. But, for the reasons just described, the period of time from May 7 to the date of this opinion has been excluded. For all counts, time from the date of this opinion to June 29, 2018 shall be excluded pursuant to this Order.

---

[2] The government asserts that the relevant time period began on October 25, 2017, the date on which the magistrate judge conducted a detention hearing and ruled that Thomas be held pending trial. *See* Dkt. 9 at 2–3 n.1. The docket, however, indicates that the government did not move to commit Thomas until October 25, and, as a result, no pretrial motion was pending from October 20—the date on which Thomas initially appeared—to October 25.

Accordingly, the government's motion to exclude time is hereby **GRANTED**; and it is hereby **ORDERED** that time from the date of this opinion to June 29, 2018 shall be excluded for purposes of the Speedy Trial Act; and it is further **ORDERED** that time from May 8, 2018 to the date of this opinion is excluded under 18 U.S.C. § 3161(h)(1)(D) and 18 U.S.C. § 3161(h)(1)(H).

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 11, 2018