# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID LEE THOMAS,<br>       *Defendant*. | Criminal Action No. 17-194 (RDM) |

## MEMORANDUM OPINION AND ORDER

Defendant David Lee Thomas moves to dismiss multiple counts of his indictment on the ground that the predicate offense, Hobbs Act robbery, does not qualify as a "crime of violence" within the meaning of 18 U.S.C. § 924(c). Agreeing with every Court of Appeals to have considered that argument, the Court concludes that Hobbs Act robbery is a crime of violence within the meaning of 18 U.S.C. § 924(c) and, accordingly, will deny the motion.

On May 3, 2018, a grand jury returned a superseding indictment charging Thomas with fourteen criminal counts related to alleged robberies. Five of these fourteen counts—Counts Two, Four, Six, Ten and Twelve—charge Thomas with "Using, Carrying, and Possessing a Firearm During a Crime of Violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)." Dkt. 8 at 2, 3, 4–5, 6, 7–8 ("§ 924(c) counts"). That statute provides that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment" as defined by the statute. 18 U.S.C. § 924(c)(1)(A). For purposes of § 924(c), a "crime of violence" is "an offense that is a felony and:"

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The D.C. Circuit has declared the second clause—the so-called "residual clause"— unconstitutionally vague, *see United States v. Eshetu*, 898 F.3d 36, 37 (D.C. Cir. 2018), and so only the first clause—the so-called "elements" or "force" clause—is at issue here.

According to Thomas, the Court must dismiss all five § 924(c) counts because the underlying crimes charged by the indictment—robberies in violation of the Hobbs Act, 18 U.S.C. § 1951—are not "crimes of violence" within the meaning of 18 U.S.C. § 924, and therefore § 924 cannot apply regardless of whether Thomas himself allegedly used violent force during the commission of the alleged robberies. Dkt. 18 at 1. The Hobbs Act defines "robbery" as:

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1). The Hobbs Act also defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." *Id*. § 1951(b)(2).

Thomas argues that, in evaluating his motion, the Court must ignore the particulars of his case and apply the "categorical approach." The categorical approach directs courts to evaluate whether an offense is a "crime of violence" solely "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular

occasion." *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). That is, in examining whether a crime meets the definition of a "crime of violence," "[t]he key" to the Court's analysis must be "elements, not facts." *Descamps v. United States*, 570 U.S. 254, 261 (2013).[1] "If the law defines the crime in such a way that it can be committed using either violent or non-violent force, then the crime is not" a crime of violence under § 924(c)(3)(A), "even if the defendant actually used violent force in committing the crime." *United States v. Haight*, 892 F.3d 1271, 1279 (D.C. Cir. 2018). A court applying the categorical approach must therefore look only to "the minimum conduct criminalized by the [particular] statute." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). Thomas argues that, viewed from this vantage point, the Court must dismiss all of the § 924(c) counts because there are multiple "ways in which Hobbs Act robbery can be committed without satisfying the force clause." Dkt. 18 at 10.

The government first responds by arguing that the categorical approach does not apply here. Explaining that the categorical approach is used "almost exclusively . . . at sentencing or post-trial matters," the government observes that some courts have "questioned the [application] of the categorical approach to a pre-trial motion to dismiss a count in the indictment." *See* Dkt. 24 at 9 n.3. Indeed, at least one decision in this district has held that the categorical approach is

---

[1] The Supreme Court has explained that, in "a narrow range of cases," a "modified" categorical approach may be necessary where a statute is "divisible"—that is, where statutory elements "comprise[] multiple, alternative versions of the crime" and a later sentencing court will have to "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps*, 570 U.S. at 262 (internal quotations omitted).

Hobbs Act robbery may be committed either by means of "actual or threatened force, or violence" or by "fear of injury," *see* 18 U.S.C. § 1951(b)(1), and the government has charged Thomas with both, *see* Dkt. 8 at 2, 3, 4, 6, 7. Because application of the modified categorical approach would not affect the Court's decision, the Court need not decide whether that framework applies here.

inapposite when analyzing a pretrial motion to dismiss a § 924 count, because—unlike in cases in which courts must consider *past* convictions for purposes of sentencing—the application of § 924 will be "based solely upon the offense being presented to the factfinder in the same case." *United States v. McCallister*, No. CR 15-0171, 2016 WL 3072237, at *4 (D.D.C. May 31, 2016); *see also United States v. Robinson*, 844 F.3d 137, 143 (3d Cir. 2016) ("Looking at a contemporaneous conviction allows a court to determine the basis for a defendant's predicate conviction. The defendant suffers no prejudice because the court is not finding any new facts which are not of record in the case before it.").

The D.C. Circuit, however, has previously applied the categorical approach to determine whether Hobbs Act robbery is a crime of violence for purposes of § 924(c)(3). *See United States v. Kennedy*, 133 F.3d 53, 56 (D.C. Cir. 1998). Although a portion of that case cited only the residual clause, *see id.* at 57, the Court of Appeals did not differentiate between § 924(c)(3)(A) and § 924(c)(3)(B). There is little to suggest, moreover, that the court's reasoning would not apply equally to the elements clause, and dicta in the decision seems to reject the argument the government raises here. *See id.* n.3 ("There is no difference, for the purpose of sentencing enhancement statutes, between predicate crimes committed in the past or the present."). The government, moreover, recently raised the argument it raises here in the context of the residual clause, arguing to the D.C. Circuit that a case-by-case—and not a categorical—approach ought to apply to challenges to § 924(c)(3)(B) counts. *See* Corrected Supplemental Pleading of Appellee at 9–24, *United States v. Eshetu*, No. 15-3020 (D.C. Cir. June 6, 2018). The Court of Appeals rejected that argument, holding that "circuit precedent demands a categorical approach to section 924(c)(3)(B)." *Eshetu*, 898 F.3d at 37 (citing *Kennedy*, 133 F.3d at 53). The

government makes no attempt to explain why this Court's analysis under the elements clause should proceed differently.

The Court, however, need not—and does not—resolve this question because Thomas's argument fails even under the categorical approach. As the government points out, "[n]o case to date has held that Hobbs Act robbery cannot serve as a predicate offense for § 924(c)—despite robbery frequently serving as a predicate offense for § 924(c) counts in federal cases and even though both Hobbs Act robbery and § 924(c) have been on the books for many years." Dkt. 24 at 24. To the contrary, every Court of Appeals to consider the question has concluded that Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)(3)(A) when analyzed under the categorical approach. *See, e.g.*, *United States v. Garcia-Ortiz*, 904 F.3d 102, 105 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1208 (2019); *United States v. Barrett*, 903 F.3d 166, 174 (2d Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir.), *judgment vacated on other grounds*, 138 S. Ct. 126 (2017); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016). Thomas's counsel acknowledged as much at oral argument. *See* Dkt. 31 at 7 (Apr. 5, 2019 Hrg. Tr.) ("[O]n the force clause, I've made my argument, and every court that has looked at it has found it lacking."). The Court agrees with the reasoning of these decisions, and because Thomas's arguments track those previously made—and rejected— in this substantial body of precedent, the Court will address them only briefly.

Thomas contends that there are "three ways in which Hobbs Act robbery can be committed without satisfying the force clause." Dkt. 18 at 10. First, he argues that someone could potentially commit Hobbs Act robbery "via threats to devalue some intangible economic

5

interest like a stock holding or contract right." *Id.* at 11. Thomas further contends that even when considering tangible property, "[o]ne can threaten to injure another's property by throwing paint on someone's house, pouring chocolate syrup on one's passport, or spray painting someone's car," and it "is plain that such actions do not require violent (i.e. strong) physical force against property, as required under the § 924(c)(3)(A) force clause." *Id.* The Supreme Court has cautioned that, when applying the categorical approach, however, there needs to be "a realistic probability, not a theoretical possibility" that the statute will be applied in the way a defendant contends, usually by "point[ing] to his own case or other cases in which the . . . courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). The cases that Thomas cites in support of this argument, moreover, do not deal with Hobbs Act robbery at all; they instead address Hobbs Act *extortion*—a separate and distinct criminal offense. *See United States v. Arena*, 180 F.3d 380, 391 (2d Cir. 1999); *United States v. Local 560 of Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, & Helpers of Am.*, 780 F.2d 267, 281 (3d Cir. 1985). Thomas's "legal imagination" aside, *Duenas-Alvarez*, 549 U.S. at 193, he cannot show any possibility that the robbery provision has been or will be applied in the way he speculates.

Second, Thomas argues that an individual can commit Hobbs Act robbery "by placing another in fear of injury to his person"—an act that "does not require the use or threatened use of 'violent force' against another." Dkt. 18 at 12. He contends that "a defendant can place another in fear of injury by threatening to poison that person, to expose that person to hazardous chemicals, to withhold one's insulin, to place a barrier in front of the person's car, to lock the person up in the car on a hot day, to lock that person at an abandoned site without food or shelter." *Id.* at 15 (emphasis omitted). The problem with this argument is that these scenarios

6

would, in fact, qualify as violent force. The D.C. Circuit has explained that "so-called indirect violent force is still violent force," agreeing "with ten other federal courts of appeals that have addressed the question either in the ACCA context or in equivalent contexts." *Haight*, 892 F.3d at 1280 (listing cases); *see also United States v. Castleman*, 572 U.S. 157, 171 (2014) ("The 'use of force' in Castleman's example is not the act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter."). Thomas relies on the Fourth Circuit's opinion in *United States v. Torres-Miguel*, in which that court held that "[a]n offense that *results* in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of a crime of violence." 701 F.3d 165, 168 (4th Cir. 2012) (emphasis in original). *Torres-Miguel* is not binding on this Court; but, in any event, it is inapposite: in direct contrast with the statute at issue there, Hobbs Act robbery requires, in plain terms, "actual or threatened force, or violence, or fear of injury." 18 U.S.C. § 1951(b)(1). *Torres-Miguel*, moreover, also predated the Supreme Court's discussion of indirect "use of force" in *Castleman*.

Finally, Thomas argues that "[t]he act of putting someone in fear of injury, as defined under the Hobbs Act robbery statute, does not constitute a 'crime of violence' under the force clause because it does not require an *intentional* threat of physical force." Dkt. 18 at 16. He posits, for example, that "a defendant may be found guilty of federal bank robbery even though he did not intend to put another in fear of injury." *Id.* at 18. It seems clear, however, that "the taking of personal property from another against their will by means of actual or threatened force, or violence or fear of injury, immediate or future, entails a higher degree of intent than negligent or merely accidental conduct." *United States v. Standberry*, 139 F. Supp. 3d 734, 740

7

(E.D. Va. 2015). Indeed, it is difficult to "imagine a realistic scenario where a defendant could accidentally, negligently or even recklessly, use the fear of injury to take property from another person against their will." *United States v. Hancock*, 168 F. Supp. 3d 817, 824 (D. Md. 2016). The D.C. Circuit, moreover, has "conclude[d] that the use of violent force includes the reckless use of such force," *Haight*, 892 F.3d at 1281, and thus Thomas would have to show "a realistic probability, not a theoretical possibility" that the statute criminalizes merely negligent or accidental robbery, *Duenas-Alvarez*, 549 U.S. at 193. He has not done so, and the Court must "eschew the kind of creative speculation the Supreme Court has proscribed." *United States v. Redrick*, 841 F.3d 478, 485 (D.C. Cir. 2016).

The Court, accordingly, concludes that Hobbs Act robbery qualifies as a "crime of violence" within the meaning of 18 U.S.C. § 924(c).

## CONCLUSION

Defendant's motion to dismiss Counts Two, Four, Six, Ten and Twelve of his superseding indictment, Dkt. 18, is hereby **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date: April 12, 2019